**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

WILLIAM GRANVILLE SMITH,      No. 2:14-CV-0775-KJM-CMK-P

        Plaintiff,

  vs.              <u>ORDER</u>

B. AUBUCHON, et al.,

        Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: B. Aubuchon, M. James, and the Rancho Cordova Police Department.  Plaintiff states that he was assaulted by defendant Aubuchon, an officer with the Rancho Cordova Police Department, on January 4, 2011.  Plaintiff seeks damages for excessive force.

## II.  DISCUSSION

The court finds that plaintiff's allegations are sufficient to state an Eighth Amendment excessive force claim against defendant Aubuchon.  Plaintiff has not stated claims against defendants James or the Rancho Cordova Police Department, as explained below.

### A.   Defendant James

It appears based on documents attached to the complaint that plaintiff intends to allege that defendant James participated in the alleged use of excessive force on January 4, 2011.  Plaintiff has not, however, mentioned any actions by defendant James in the body of the complaint.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

1   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or

2   omits to perform an act which he is legally required to do that causes the deprivation of which

3   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

4   conclusory allegations concerning the involvement of official personnel in civil rights violations

5   are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the

6   plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

7   constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

8           Plaintiff will be provided an opportunity to amend.

9       **B.    Defendant Rancho Cordova Police Department**

10          While plaintiff names the Ranchos Cordova Police Department as a defendant, he

11  has not alleged sufficient facts to state a claim against a municipal entity.  Municipalities and

12  other local government units are among those "persons" to whom § 1983 liability applies.  See

13  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties and municipal government

14  officials are also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of

15  Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not

16  be held responsible for the acts of its employees or officials under a respondeat superior theory of

17  liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal

18  liability must rest on the actions of the municipality, and not of the actions of its employees or

19  officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the

20  constitutional deprivation complained of resulted from a policy or custom of the municipality.

21  See id.  A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it

22  is based on nothing more than bare allegations that an individual defendant's conduct conformed

23  to official policy, custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d

24  621, 624 (9th Cir. 1988).

25          Again, plaintiff will be provided an opportunity to amend.

26  / / /

**III.  CONCLUSION**

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file an amended complaint within 30 days of the date of service of this order.


DATED:  October 30, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4