1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    WILLIAM GRANVILLE SMITH,              No. 2:14-CV-0775-KJM-CMK-P

12              Plaintiff,

13        vs.                              ORDER

14    B. AUBUCHON, et al.,

15              Defendants.

16    _____/

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.   Pending before the court are plaintiff's identical motions for the appointment

19    of counsel (Docs. 35 and 41).

20          The United States Supreme Court has ruled that district courts lack authority to

21    require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States

22    Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may

23    request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v.

24    Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

25    (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the

26    likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his

1

1   own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.

2   Neither factor is dispositive and both must be viewed together before reaching a decision.  See

3   id.

4           In the present case, the court does not at this time find the required exceptional

5   circumstances.  First, plaintiff does not allege the existence of exceptional circumstances.  In his

6   motions, plaintiff states that counsel should be appointed because he is indigent, he is

7   incarcerated, and he is untrained in the law.  Far from constituting exceptional circumstances,

8   plaintiff's circumstance is common to nearly every prisoner.  Second, as in Terrell, plaintiff has

9   demonstrated sufficient writing ability and legal knowledge to articulate his claims and the facts

10  he alleges and the issues he raises are not of substantial complexity.  See id.  Finally, at this

11  stage of the proceedings before an answer has been filed or any discovery has been conducted,

12  the court is unable to say that plaintiff has demonstrated a likelihood of success on the merits of

13  his claims.

14          Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for the

15  appointment of counsel (Docs. 35 and 41) are denied.

16

17   DATED:  August 15, 2016

18                                          _____

19                                          **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26