# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GRANVILLE SMITH, | No. 2:14-CV-0775-KJM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| B. AUBUCHON, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion for an extension of time (Doc. 49) and plaintiff's motion for appointment of counsel (Doc. 50).

      Plaintiff seeks an extension of time to file objections to the court's September 9, 2016, findings and recommendations. Good cause appearing therefor, the request is granted. Plaintiff's objections will be due within 30 days of the date of this order.

      Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to

1

28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. First, plaintiff does not allege the existence of exceptional circumstances. In his motion, plaintiff states that counsel should be appointed because he is indigent, he is incarcerated, and he is untrained in the law. Far from constituting exceptional circumstances, plaintiff's circumstance is common to nearly every prisoner. Second, as in Terrell, plaintiff has demonstrated sufficient writing ability and legal knowledge to articulate his claims and the facts he alleges and the issues he raises are not of substantial complexity. See id. Finally, at this stage of the proceedings before an answer has been filed or any discovery has been conducted, the court is unable to say that plaintiff has demonstrated a likelihood of success on the merits of his claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (Doc. 49) is granted;
2. Plaintiff may file objections to the court's September 9, 2016, findings and recommendations within 30 days of the date of this order; and
3. Plaintiff's motion for the appointment of counsel (Doc. 50) is denied.

DATED: January 10, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE