IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM GRANVILLE SMITH,   No. 2:14-CV-0775-KJM-CMK-P

    Plaintiff,

  vs.   ORDER

B. AUBUCHON, et al.,

    Defendants.

_____/

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are (1) plaintiff's motion for an extension of time (Doc. 57) and (2) plaintiff's motion for the appointment of counsel (Doc. 59).

    Plaintiff seeks additional time to file a second amended complaint pursuant to the court's March 21, 2017, order. Good cause appearing therefor, the extension will be granted. Plaintiff's second amended complaint filed on May 22, 2017, is deemed timely.

    Plaintiff also seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to

28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff's current motion for the appointment of counsel sets forth no specific circumstances whatsoever. Rather, plaintiff merely recites the legal standard outlined above without explaining how circumstances in his case meet that standard. Plaintiff has not submitted anything new which would change the analysis set forth in the court's January 10, 2017, order denying plaintiff's prior motion for the appointment of counsel (see Doc. 55).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (Doc. 57) is granted;

2. Plaintiff's second amended complaint filed on May 22, 2017, is deemed timely; and

3. Plaintiff's motion for the appointment of counsel (Doc.59) is denied.

DATED: June 5, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE