IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GRANVILLE SMITH, | No. 2:14-cv-0775-KJM-CMK-P |
| Plaintiff, | |
| v. | ORDER |
| B. AUBUCHON, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On June 1, 2017, defendants filed a motion to dismiss. ECF No. 61. Plaintiff did not file an opposition to the motion, and on September 1, 2017, the magistrate judge filed findings and recommendations recommending the motion be granted and this action dismissed with prejudice. ECF No. 64. The findings and recommendations were served on the parties and contained notice that the parties may file objections within a specified time. After receiving an extension of time, plaintiff timely filed objections to the findings and recommendations on October 27, 2017. ECF No. 67. On March 12, 2018, plaintiff filed a proposed third amended complaint. ECF No. 68.

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has conducted a *de novo* review of this case. For the reasons set forth below, the court adopts the magistrate judge's findings and the recommendation that the second amended complaint be dismissed. The court declines to adopt the recommendation that this action be dismissed with prejudice and refers the matter back to the assigned magistrate judge for further proceedings consistent with this order.

The court has reviewed the second amended complaint and concurs in the magistrate judge's finding that it fails to state a cognizable claim for relief. On this record, however, the court cannot find that "it is absolutely clear that no amendment can cure the defect" in plaintiff's pleadings. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1994) (quoted in ECF No. 64 at 5). While it was filed prematurely, the third amended complaint will also be dismissed and plaintiff will be granted one final opportunity to amend his complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988). The fourth amended complaint must be prepared on the form provided with this order. Plaintiff must identify each defendant, and he must allege in specific terms how each named defendant was involved in the alleged violation of his constitutional rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient. . . ." *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to any prior complaint in order to make his fourth amended complaint complete. Federal Rule of Civil Procedure 15 and Local Rule 220 require that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, any amended complaint supersedes all prior complaints. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an

'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a fourth amended complaint, all prior complaints will no longer serve any function in the case. Therefore, plaintiff must include in the fourth amended complaint all claims he wants to raise in this action and each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 1, 2017, are adopted in part;
2. Defendants' motion to dismiss (Doc. 61) is granted;
3. Plaintiff's third amended complaint is dismissed with leave to amend;
4. Plaintiff is granted thirty days from the date of this order in which to file a fourth amended complaint; and
5. The Clerk of the Court is directed to send plaintiff the court's form § 1983 civil rights complaint and accompanying instructions, with this order.

DATED: April 12, 2018.

UNITED STATES DISTRICT JUDGE