IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GRANVILLE SMITH, | No. 2:14-CV-0775-KJM-CMK-P |
| Plaintiff, | |
| vs. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| B. AUBUCHON, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' unopposed motion to dismiss (Doc. 78).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# I. PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiff's fourth amended complaint against defendants Aubuchon and James, who are alleged to be officers with the Rancho Cordova Police Department. See Doc. 75 (fourth amended complaint), p. 2. Plaintiff alleges two claims for relief: (1) Claim I – "Eighth Amendment Constitution of the United States Excessive Force policy for Injured Person;" and (2) Claim II – "Failed to have a Policy for officers using a Taser of Force on Person and Not Calling Ambulance." Id. at pp. 3-4. For both claims, plaintiff identifies the issue involved as "Excessive force by an officer." Id.

Plaintiff alleges:

> Motorcycle officer M. James showed up on the side of me while I was riding my bicycle, and him on his motorcycle shoved me on my shoulder which caused me to flip over head first; while my bike landed on me. Struggling to stand, after he shoved me over or off my bicycle he was standing there with a taser-gun pointed towards me, at my back. While his partner (Aubuchon) held me at gun point. It was M. James that yelled "TASER, TASER, TASER," deployed the Taser gun to "MY BACK" once it hit me. I collapsed with my hands in front of me stiff. B. Aubuchon was looking at me FACE-to-FACE and there was with him his gun (handgun) gun pointed at me, having full observation of the front of me. B. Aubuchon, by having his gun pointed at me: Excessive Force was because of that time B. Aubuchon could've instructed M. James to just walk upon me and just HAND-cuff me. B. Aubuchon having me at GUNPOINT eliminated me any movement at all. B. Aubuchon had overall authority to prevent me, GRANVILLE WILLIAM SMITH from being tasered by officer M. James.
>
> "There's no mention of me being aggressive towards either of them."

Id. at 3.

Plaintiff further alleges:

> At the time when B. Aubuchon had be at GUNPOINT, after M. James deployed his Taser on me. Once I was injured by Taser, no one was called to treat my injuries. Created by M. James deploying his taser on me. So when no medical treatment rendered on me, and no ambulance called, no hospital help of what M. James did to me, and his confidant B. Aubuchon. It has been hours/days before I received medical examination of my INJURIES, but only to just be taken to JAIL.

Id. at 4.

## II. PROCEDURAL BACKGROUND

Plaintiff was granted leave to file a second amended complaint following this court's denial of defendants' prior motion to dismiss. See Doc. 52 (January 10, 2017, District Judge order). Specifically, while the court agreed with defendants that plaintiff's first amended complaint failed to state any claims for relief, plaintiff had alleged new facts in opposition to defendants' prior motion warranting leave to amend. See id. The court observed:

> . . . In his opposition, plaintiff argues:
>
>> Defendants James and Aubuchon use of excessive force is shown by not properly call for an ambulance or seek any medical for the removal of usage of tasers on plaintiff.
>
> Plaintiff adds – for the first time in this litigation – the following allegations:
>
>> Also, by using a pit maneuver (by way of) pushing plaintiff over the handlebars of bicycle which caused plaintiff to flip over and land in some palm trees leafs, unprofessional by their own admittance there is no procedure or training to stop a person on a bicycle. Defendant tasered plaintiff for an untimely amount of time which caused plaintiff to have severe pain in his knees, spinal area, bottom of both feet (needle type of shooting pain), lack of breath (causing plaintiff to use an asthma inhaler) since the time of incident.
>
> Plaintiff also newly alleges that the taser had embedded in his spinal column.
>
> Id.

Plaintiff did not included any of these allegations in the second amended complaint.

Defendants again moved to dismiss and plaintiff did not oppose. In addressing the motion, the court stated:

> Defendants argue that plaintiff's second amended complaint fails to state any cognizable claim for relief. Plaintiff has not filed an opposition.

/ / /

3

> Plaintiff presents a claim of excessive force under the Fourth Amendment. In Graham v. Connor, 490 U.S. 386 (1989), the Supreme Court held that police officers have "the right to use some degree of physical coercion or threat thereof" to effectuate an arrest. Id. at 396. The use of force must be objectively reasonable under the circumstances when viewing the facts from the perspective of a reasonable police officer on the scene. See id. at 396-97. In this case, the court finds that defendants acted reasonably under the circumstances. Specifically, defendants had reasonable suspicion to detain plaintiff given the description provided by dispatch. Defendants' suspicion was reasonably heightened when plaintiff attempted to evade them on his bicycle. A potential threat to defendants and the public was then presented when plaintiff reached towards the waistband of his pants. At this point, defendant Smith acted reasonably in pushing plaintiff off his bicycle. After plaintiff refused to comply with the officers' orders, defendant Smith acted reasonably in deploying a taser.
>
> Doc. 64 (September 1, 2017, Magistrate Judge findings and recommendations).

While review of the findings and recommendations was pending before the District Judge, plaintiff filed a proposed third amended complaint. See Doc. 68.

The District Judge assigned to this case adopted the findings and recommendations in full, stating:

> The court has reviewed the second amended complaint and concurs in the magistrate judge's finding that it fails to state a cognizable claim for relief. On this record, however, the court cannot find that "it is absolutely clear that no amendment can cure the defect" in plaintiff's pleadings. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1994) (quoted in ECF 64 at 5). While it was filed prematurely, the third amended complaint will also be dismissed and plaintiff will be granted one final opportunity to amend his complaint.
>
> Doc. 70 (April 13, 2018, District Judge order), p. 2.

Plaintiff filed his fourth amended complaint on June 1, 2018.

/ / /

/ / /

/ / /

/ / /

## II. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

Defendants argue:

> Defendant Aubuchon now moves to dismiss the Fourth Amended Complaint ("4AC") on the grounds that Plaintiff has failed to state a claim against Officer Aubuchon for excessive force. Alternatively, Aubuchon moves for qualified immunity as to pointing his firearm at Plaintiff.
> Defendants also move to dismiss any claims that involve the deliberate indifference to Plaintiff's medical needs under the 14th Amendment, as Plaintiff's Fourth Amended Complaint fails to state such a claim.

Defendants also argue that plaintiff does not allege sufficient facts to state a claim based on plaintiff's new allegation that defendant Aubuchon failed to intervene to prevent defendant James from using a taser. Though defendants state that the "Fourth Amended Complaint should be dismissed with prejudice," defendants do not raise any arguments as plaintiff's excessive force claim against defendant James.

///

### A. Medical Needs

Police officers are required to provide medical care to persons injured while being arrested. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983). To recover, the plaintiff must show deliberate indifference to his medical needs. See Lolli v. County of Orange, 251 F.3d 410, 418 (9th Cir. 2003).

Regarding use of the taser by defendant James and injuries allegedly sustained as a result, plaintiff alleges that, once the taser hit him, he "collapsed with my hands in front of me stiff." Plaintiff also claims that, after he was injured by the taser, "no one was called to treat my injuries," though plaintiff concedes that he "received medical examination of my INJURIES" within "hours/days." On these allegations, the court finds that plaintiff has failed to state a claim related to medical needs because he has not alleged any facts related to the nature of his injuries, whether either defendant knew he was injured, or whether he asked defendants for medical treatment and was refused. In particular, because plaintiff has not alleged that either defendant was aware of an injury, plaintiff has not pleaded facts to show that either defendant was indifferent, deliberately or otherwise.

Without addressing the merits of defendants' argument, the court finds that granting further leave to amend is not warranted because the claim has been waived. Addressing defendants' prior motion to dismiss plaintiff's first amended complaint, the District Judge concluded that granting leave to amend was proper based on new facts alleged in opposition to defendants' motion. Specifically, the court noted plaintiff's allegations that he was tasered "for an untimely amount of time which caused plaintiff to have severe pain in his knees, spinal area, bottom of both feet (needle type of shooting pain), lack of breath (causing plaintiff to use an asthma inhaler) since the time of incident" and that the taser had embedded in his spinal column. As noted above, however, plaintiff did not include any of these allegations in his second amended complaint, which contained only excessive force claims. Because plaintiff did not raise a claim based on medical needs in the second amended complaint, the claim has been waived.

See King v. Atiyeh, 814 F.2d 565, 567 (holding that "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived").

B. **Failure to Intervene**

For the first time in this case, plaintiff alleges in his fourth amended complaint that defendant Aubuchon violated his constitutional rights by failing to intervene. Specifically, plaintiff claims: "B. Aubuchon, by having his gun pointed at me: Excessive Force was because of that time B. Aubuchon could've instructed M. James to just walk upon me and just HAND-cuff me." The Ninth Circuit has held that a police officer can be liable to failing to intervene, but only when the officer had an opportunity to intervene. See Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000). According to defendants: "No facts are plead that showed a delay between the Taser warning and the use of the Taser, thus there was no opportunity [to intervene]."

Again, without reaching the merits of defendants' argument, the court finds that this claim has been waived because it was not included in the second amended complaint. See King, 814 F.2d at 567.

C. **Excessive Force**

Defendants argue:

> Here, Plaintiff has failed to allege any facts that Officer Aubuchon used force at any time during Plaintiff's arrest for armed bank robbery. There are no allegations in the Fourth Amended Complaint that would establish a use of force by Officer Aubuchon or that a use of force by Aubuchon was unreasonable. The only allegations against Officer Aubuchon are that he had his gun pointed at Plaintiff when Officer James deployed his Taser, and that Aubuchon could have instructed James not to use his Taser. . . .

Defendants also argue that, even if plaintiff has pleaded facts showing that defendant Aubuchon violated plaintiff's constitutional rights, defendant Aubuchon is entitled to qualified immunity because: (1) no reasonable officer would have understood holding a suspect at gunpoint was unlawful; and (2) any right defendant Aubuchon may have violated was not clearly established "[b]ecause there is no decisional authority that would have made it clear to Officer Aubuchon

that his conduct was unlawful in the situation he confronted. . . ."

The court agrees with defendants that plaintiff has failed to alleged that defendant Aubuchon used any force at all, let alone an excessive amount of force. According to plaintiff, defendant James used force by deploying a taser, but defendant Aubuchon's conduct was limited to holding plaintiff at gunpoint while defendant James arrested him. Given the numerous opportunities plaintiff has been provided to state a claim against defendant Aubuchon for excessive force and his repeated failure to do so, defendant Aubuchon should be dismissed from the action.

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' unopposed motion to dismiss (Doc. 78) be granted;

2. Defendant Aubuchon be dismissed from the action;

3. This action proceed on the fourth amended complaint as against defendant James only on plaintiff's excessive force claim; and

4. Defendant James be required to file an answer to the fourth amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 20, 2018

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE