IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GRANVILLE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>B. AUBUCHON, et al.,<br><br>Defendants. | No. 2:14-cv-0775-KJM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On August 21, 2018, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within the time specified therein. Timely objections to the findings and recommendations have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has conducted a *de novo* review of this case. Having reviewed the file, the court ADOPTS in part and DECLINES in part the findings and recommendations.

///

///

1

Plaintiff has made numerous attempts to cure the deficiencies in his complaint; finally, in his fourth and final attempt, it appears he has done so as to two of his claims. *See* ECF Nos. 16, 60, 68, 75.

I. <u>DELIBERATE INDIFFERENCE TO MEDICAL NEEDS</u>

The magistrate judge recommends plaintiff's claim for medical indifference be dismissed because it was excluded from the second amended complaint, concluding it has been waived. ECF No. 81 at 7. This conclusion, however, mischaracterizes both the law and the procedural posture of the claim.

First, it is true that any claim not included in an amended complaint is deemed waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). The rule, however, focuses on the most recent amendment in light of the principle that the "amended complaint supersedes the original, [with] the latter being treated thereafter as non-existent." *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citations omitted). Thus, if a claim is omitted from a first amended complaint, but then included in a later amendment, the court treats the most recent amended complaint as the operative complaint, and evaluates each of its claims accordingly. This is particularly true when considering the pleadings of pro se litigants. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("[T]he allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers.") (some alterations in original and quotations omitted).

Second, it is not a fair characterization to say plaintiff waived his medical indifference claim through omission from a subsequent complaint when he never included it in any prior complaint. As the magistrate judge correctly notes, this court granted leave to amend the first amended complaint because plaintiff raised new facts in his opposition to defendants' prior motion that, if properly plead, could cure deficiencies in his medical indifference claim. *See* ECF Nos. 43, 55, 81. Those facts were not included in the Second Amended Complaint, s*ee generally* ECF No. 60, but were included in the now operative fourth amended complaint, ECF No. 75. The fourth amended complaint states:

> Tasered on the spinal column, upper left top and bottom right of the spinal. Pain was ex-cruciating – causing life long pain in spinal, both shoulder and aching in both knees, needle sharp pains in bottom and both feet, using an inhaler.
>
> Once I was injured by taser, no one was called to treat my injuries. Created by M. James deploying his taser on me. So when no medical treatment rendered on me, and no ambulance called; no hospital help of what M. James did to me, and his confidant B. Aubuchon. It has been hours/days before I received medically examination of my injuries. But only to just be taken to jail.

ECF No. 75 at 3–4 (verbatim transcription). Based on these allegations, plaintiff has addressed the concerns raised by prior court orders. In light of the liberal pleading standards under Rule 12(b)(6), these allegations are sufficient to state a cognizable claim for indifference to plaintiff's medical needs. *See Lolli v. Cty. of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (citation omitted) ("[O]fficials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment."). Therefore, because plaintiff has met the "facial plausibility" standard required to survive a motion to dismiss under 12(b)(6), *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), his claim for medical indifference as to defendants James and Aubuchon survives.

## II. FAILURE TO INTERVENE

As with the claim above, the magistrate judge recommends the failure to intervene claim be dismissed because, again, "this claim has been waived because it was not included in the second amended complaint." ECF No. 81 at 8. The magistrate judge correctly notes that the claim against Aubuchon was presented "[f]or the first time in this case . . . in [the] fourth amended complaint." *Id.* For the same reasons stated above, any claim included in the fourth amended complaint, even if for the first time, is treated anew, and therefore cannot be deemed waived. *Ramirez*, 806 F.3d at 1008; *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999)*, and overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) ("a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint.").

Unlike with his deliberate indifference claim, however, plaintiff has not plead facts sufficient to survive dismissal here. "[P]olice officers have a duty to intercede when their fellow

officers violate the constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (citation omitted), *as amended* (Oct. 31, 2000). Still, an officer can be held liable for "failing to intercede only if they had an opportunity to intercede." *Id; Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 207 n.3 (1st Cir. 1990) (officers had no "realistic opportunity" to prevent attack that, despite being in their presence, "was over in a matter of seconds."). Here, plaintiff makes no claim that Aubuchon had an opportunity to intercede. He claims that James "was standing there with a taser-gun pointed towards me, at my back. While his partner (Aubuchon) held me at gun point." ECF No. 75 at 3. James then yelled "taser, taser, taser," as he administered the weapon to plaintiff's back, causing him to collapse once hit. *Id.* Even if true, plaintiff makes no claim that the taser was administered for a prolonged period of time such that Aubuchon could have, or should have, intervened. If anything, these facts suggest that the tasing itself was over in a matter of moments, once he was hit, thus providing Aubuchon no "realistic opportunity" to prevent the alleged harm.

For these reasons plaintiff's claim against Aubuchon for failure to intervene will be dismissed.

### III. EXCESSIVE FORCE

Finally, the magistrate judge recommends dismissal of the excessive force claim against Aubuchon because "plaintiff has failed to allege that defendant Aubuchon used any force at all, let alone an excessive amount of force." ECF No. 81 at 9. Here too the court disagrees.

The facts alleged to implicate Aubuchon for excessive force are these: "(Aubuchon) held me at gun point"; "Aubuchon was looking at me face-to-face and there was with him his gun (handgun) gun pointed at me"; "Aubuchon by having his real gun pointed at me: Excessive force was because of that time B. Aubuchon could've instructed M. James to just walk up on me and just hand-cuff me"; "Aubuchon having me at gun point eliminated me any movement at all." ECF No. 75 at 3 (verbatim transcriptions). On these facts defendants argue, and the magistrate judge concludes, no Fourth Amendment excessive force violation has been pled. *See* ECF No. 78-1 at 5.

///

4

The Ninth Circuit has explicitly stated, "We have held that the pointing of a gun at someone may constitute excessive force, even if it does not cause physical injury." *Tekle v. United States*, 511 F.3d 839, 845 (9th Cir. 2007); *see also Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) (officers' early morning raid of plaintiff's residence with guns drawn may support a finding of excessive force). Whether an officer is justified in brandishing his weapon depends on his reasonable assessment of the danger at the scene. *Robinson v. Solano Cty.*, 278 F.3d 1007, 1015 (9th Cir. 2002). At this stage of the litigation plaintiff's pleading that Aubuchon's act of standing by with gun drawn while plaintiff lay incapacitated from tasing is sufficient to survive dismissal.

Defendants argue, in the alternative, even if the court finds plaintiff has adequately pled Aubuchon administered excessive force, Aubuchon is entitled to qualified immunity. ECF No. 78-1 at 5. Qualified immunity is analyzed through a two-prong test: (1) whether defendant's conduct violated a constitutional right, and (2) whether that constitutional right was clearly established at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (citation omitted). In making such a determination, the court must view the facts "in the light most favorable to the party assessing the injury." *Katz*, 533 U.S. at 201.

In viewing the facts as alleged most favorably to plaintiff, the court finds that qualified immunity does not warrant dismissal of plaintiff's excessive force claim. While it may be that Aubuchon was justified in brandishing his firearm at the onset of the altercation, the point at which he continued to point his gun as plaintiff lay prone from the taser strike calls into question whether any reasonable officer would understand he was not infringing upon plaintiff's constitutional right at that moment. Given that plaintiff's claim need only be "plausibly suggestive," *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009), the court finds that qualified immunity does not preclude plaintiff's excessive force claim against Aubuchon at this stage.

///

5

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 21, 2018, ECF No. 81, are ADOPTED in part and REJECTED in part;
2. Defendants' motion to dismiss, ECF No. 78, is granted only as to the failure to intervene claim;
3. The fourth amended complaint survives on two claims: (1) medical indifference, and (2) excessive force against defendants Aubuchon and James;
4. Defendants shall file an answer to the fourth amended complaint within 30 days of the date of this order; and
5. This case is referred back to the assigned magistrate judge for all further pretrial proceedings.

DATED: January 25, 2019.

_____
UNITED STATES DISTRICT JUDGE