IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GRANVILLE SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>B. AUBUCHON, et al.,<br><br>    Defendants. | No. 2:14-CV-0775-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is "Plaintiff Motion and Request to Compel Non-Party; And Memorandum of Points and Authority" (ECF No. 108).

In his motion, plaintiff seeks injunctive relief. Specifically, he seeks an order directing a non-party, the warden of the Deuel Vocational Institution (DVI), to provide plaintiff access to the courts. See id. at pg. 1. Plaintiff seeks additional law library access. See id. The court observes that the current motion is duplicative of plaintiff's motion filed on May 2, 2019, see ECF No. 103 (prior motion for injunctive relief), which the court has recommended be denied, see ECF No. 107 (June 12, 2019, findings and recommendations).

/ / /

/ / /

/ / /

1

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

The court continues to find injunctive relief is not appropriate in this case for two reasons. First, plaintiff has not named as defendants to this action any prison officials at DVI. The named defendants are former or current officers with the Rancho Cordova Police Department. Because the court cannot issue an order against individuals who are not parties to the action, plaintiff's motion should be denied. See Zenith Radio Corp., 395 U.S. at 112.

Second, even if the court had jurisdiction over prison officials at Deuel Vocational Institution, plaintiff has failed to demonstrate the likelihood of irreparable harm absent intervention by this court. See See Stormans, 586 F.3d at 1127. Plaintiff's current complaints of interference with his access to the courts are redressable in the context of a separate civil rights action.

///

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (ECF No. 108) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 1, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE